**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| **BEATA SIEMIONKOWICZ,** <br> **Petitioner,** <br> **v.** <br> **JAMES A. DALEY, *et al.*,** <br> **Respondents.** | **CASE NO. 2:26-CV-375-KKC** <br><br> **OPINION AND ORDER** |

This matter comes before the Court on Beata Siemionkowicz's Petition for Writ of Habeas Corpus. (R. 1). For the following reasons, the Court will grant the petition.

I. FACTUAL BACKGROUND

Petitioner Beata Siemionkowicz is a permanent resident of the United States and a citizen of Poland. (R. 1 at 4). She was detained by Immigration and Customs Enforcement (ICE) on August 2, 2025 (R. 1-1 at 7) and is being detained at the Campbell County Detention Center. (R. 1).

After obtaining permanent resident status in 2003, Siemionkowicz pled guilty to two different crimes in Lake County, Illinois. In 2005, she pled guilty to retail theft of less than $150.00, and in 2011, she pled guilty to retail theft of less than $300.00. (R. 10-2, -3).

On the same day Siemionkowicz was detained by ICE, she was served a Notice to Appear (NTA) that charged her as deportable for having committed two crimes involving moral turpitude. (R. 10-5). Siemionkowicz was denied bond at a custody redetermination hearing on August 26, 2025, because she was a "flight risk." (R. 1-2). The Immigration Court denied Siemionkowicz's application for cancellation of removal and ordered her removed to Poland. (R.10-6). She has appealed the decision to the Board of Immigration Appeals. (R. 10-7).

## II. ANALYSIS

A district court may grant a writ of habeas corpus to any person who shows their detainment is in violation of the Constitution or the law or treaties of the United States. 28 U.S.C. § 2241(c). Petitioner requests that this Court issue a writ of habeas corpus directing Respondents to release her or, in the alternative, provide a custody redetermination hearing under 8 U.S.C. § 1226(a). (R. 1). Additionally, Petitioner claims that her detention without a redetermination hearing, informally known as a bond hearing, violates the Fifth Amendment's Due Process Clause. (R. 1). Respondents argue that Petitioner is deportable under 8 U.S.C. § 1227(a)(2)(A)(ii) and, therefore, is not entitled to receive a bond hearing under § 1226(c). (R. 10). Respondent also argues that Petitioner's due process rights have not been violated. (R. 10).

### *A. Daley as Named Party*

The Court will first address respondent James Daley's request to be dismissed from the case. (R. 11). James Daley is the jailer of the Campbell County Detention Center, where Siemionkowicz is detained.

"[T]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over the petitioner.'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). In *Padilla*, the Supreme Court held that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. This Court has also held numerous times that "the jailer is a proper respondent" for immigration detainees filing habeas petitions. *Tsiklauri v. Daley*, No. 26-279-DLB, 2026 WL 2280670 (E.D. Ky. Aug. 7, 2026); *see also M.T.B. v. Byers*, No. 2:24-cv-82-DCR, 2024 WL 3881843 (E.D. Ky. Aug. 20, 2024).

Siemionkowicz is detained at the Campbell County Detention Center, and Daley has day-to-day control over the facility as the elected jailer. Accordingly, Daley is a proper respondent to the petition, and the Court will deny Daley's request to dismiss him as a respondent.

*B. The Statutory Provision Governing Detention*

Before considering the due process arguments, the Court must determine the statutory authority governing Siemionkowicz's detention. Siemionkowicz claims that her detainment is authorized under § 1226(a), which would entitle her to a constitutionally adequate bond hearing where the government bears the burden of proof by clear and convincing evidence. (R. 1 at 8–11). She further argues that a bond hearing held in August of 2025 applied the inappropriate burden of proof. (R. 1 at 8–11). Respondents, however, state that Siemionkowicz is subject to mandatory detention under § 1226(c)(1), based on her deportable status under § 1227(a)(2)(A)(ii). (R. 10 at 3). The distinction is important because a statutory right to a bond hearing is determined by whether Siemionkowicz is detained under § 1226(a) or § 1226(c).

Section 1226(a) applies to most noncitizens who are believed to be subject to removal. *Nielsen v. Preap*, 586 U.S. 392, 396–97 (2019). The provision gives the Attorney General the power to detain an arrested noncitizen and to release the noncitizen on a bond. § 1226(a). Section 1226(a) permits a noncitizen to seek release on bond or parole by proving he or she is not a flight risk or a danger to the community but also states that opportunity is subject to exceptions outlined in § 1226(c).

Section 1226(c) states that noncitizens outlined in the subsection "shall be taken into custody" and are only allowed to be released under specific circumstances relating to the protection of a witness. The provision "mandates detention during removal proceedings for a limited class of deportable aliens . . . Congress adopted this provision against a backdrop of wholesale failure by

the INS to deal with the increasing rates of criminal activity by aliens." *Demore*, 538 U.S. at 517–18. Specifically, the statute addresses the situation applicable to Siemionkowicz:

> (c) Detention of criminal aliens
> (1) Custody
> The Attorney General shall take into custody any alien who--
> . . .
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii) . . . of this title

8 U.S.C. § 1226(c). If Siemionkowicz is deportable under § 1227, she would not have a statutory right for a bond hearing, as Respondents argue.

"Even once inside the United States, aliens do not have an absolute right to remain here. . . . That includes aliens who were inadmissible at the time of entry or who have been convicted of certain criminal offenses since admission." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (internal citations omitted). Specifically, regarding criminal offenses, § 1227(a)(2)(A)(ii) states:

> Any alien who at any time after admission is convicted of two or more crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial, is deportable.

The facts of Siemionkowicz case fall under this provision. Crimes of moral turpitude are those that contain conduct "that is inherently base, vile, or depraved, and contrary to the accepted rules of morality and the duties owed between persons or to society in general." *Hernandez-Mendez v. Blanche*, No. 25-3755, 2026 WL 1498308 (6th Cir. May 28, 2026) (quoting *Yeremin v. Holder*, 738 F.3d 708, 714 (6th Cir. 2013)). "Among the tests to determine if a crime involves moral turpitude is whether the act is accompanied by a vicious motive or a corrupt mind." *Yeremin*, 738 F.3d at 714 (quoting *In re Ajami*, 22 I. & N. Dec. 949, 950 (BIA 1999)). Other Circuits have explicitly held that crimes of retail theft constitute crimes of moral turpitude. *See Esparza-Recendez v. Holder*, 526 F.App'x. 886, 890 (10th Cir. 2013) ("[C]onvictions for retail theft . . .

constitute crimes of moral turpitude."); *Jurado-Delgado v. Attorney General of U.S.*, 498 F.App'x 107, 112 (3rd Cir. 2009) ("[N]o one disputes that theft involves moral turpitude."); *Afzal v. Gonzales*, 203 F.App'x 830, 832 (9th Cir. 2006) ("It is well settled that theft crimes are inherently crimes involving moral turpitude for purposes of the immigration laws."). Siemionkowicz's 2003 and 2005 guilty pleas for retail theft are "crimes involving moral turpitude" that render her deportable, and she does not dispute this fact.

Additionally, the NTA served on Siemionkowicz at the time of her arrest indicates the government would argue she is deportable under § 1227, further showing she is subjected to mandatory detention under § 1226(c). The NTA lists the two crimes and borrows the "single scheme of criminal misconduct" language from § 1227 in its allegations against Siemionkowicz. (R. 1-1 at 2, 5). Petitioner claims the August 2025 bond hearing shows the government was holding her under 1226(a) because, otherwise, the Immigration Judge would not have had jurisdiction to conduct the hearing. (R. 12 at 3). While this indicates administrative confusion about the authority governing her detention, the record clearly shows that Siemionkowicz can be held under § 1226(c) and indicates the government intended to do so.

Accordingly, the Court finds that Siemionkowicz is being detained under 8 U.S.C. 1226(c). Petitioner does not have a statutory right to a bond hearing.

*C. Jurisdiction*

Before addressing the constitutional arguments, the Court must also resolve a question regarding jurisdiction. The Federal Respondents argue that the Court lacks jurisdiction under 8 U.S.C. § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

As the Supreme Court stated in *Demore v. Kim*, "Section 1226(e) contains no explicit provision barring habeas review, and we think that its clear text does not bar [the] constitutional challenge to the legislation authorizing [] detention without bail." 538 U.S. 510, 517 (2003). Much like in *Demore*, Petitioner is not challenging a discretionary judgement by the Attorney General and instead is challenging the statutory framework that permits detention without a bond hearing and arguing that she has a constitutional right to a bond hearing. *See id.* at 516–17.

Federal courts have jurisdiction to review constitutional challenges to § 1226(c). Accordingly, this Court has jurisdiction to rule on the habeas petition.

*D. Due Process*

While resolution of the statutory authority governing Siemionkowicz's detention narrows the pathway for her to receive a bond hearing, it does not address questions about the constitutionality of a prolonged detention without one. Petitioner argues that it is irrelevant if she is being held under 1226(a) or 1226(c) because her over one year detention is a deprivation of her due process rights and therefore, she is entitled to a constitutionally adequate bond hearing. (R. 12 at 3).

Petitioner has "'passed through our gates' and [is] therefore protected by the Fifth Amendment's Due Process Clause." *Lopez-Campos v. Raycraft*, 175 F.4th 713, 733 (6th Cir. 2026) (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953)). The Supreme Court, however, "has recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process . . . deportation proceedings 'would be vain if those accused could not be held in custody pending the inquiry into their true character." *Demore*, 538 U.S. at 523 (quoting *Wong Wing v. United States*, 16 U.S. 228, 235 (1896). Additionally, "when the

Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal." *Id.* at 528.

The United States Supreme Court has yet to give specific guidance as to breadth of rights for noncitizens under the Due Process Clause or the length of time an individual must be held under § 1226(c) before due process rights require a bond hearing. The Sixth Circuit has stated that "where immigration detention becomes needlessly prolonged and appears to no longer effectuate the regulatory goals of civil immigration detention, courts routinely hold the Due Process Clause requires an individualized bond hearing to justify a noncitizen's continued detention." *Lopez-Campos*, 175 F.4th at 732–33.

The facts governing this case bear a parallel relationship to *Demore*. In *Demore*, the noncitizen was subject to mandatory detention under § 1226(c) and challenged the constitutionality of the statute. *Id.* at 513–14. The Supreme Court stated:

> [T]he statutory provision at issue governs detention of deportable criminal aliens *pending their removal proceedings*. Such detention necessarily serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed.

*Demore*, 538 U.S. at 527–28. The *Demore* Court held that a six-month detention did not automatically require a detainee to receive an individualized bond hearing. *Id.* at 521. *Cf. Jennings v. Rodriguez*, 583 U.S. 281 (2018) (declining to rule on due process grounds). In *Zadvydas v. Davis*, the Supreme Court addressed a different factual situation but held that there are constitutional protections for noncitizens who are detained. 533 U.S. 678 (2001).

The detentions addressed by recent cases across district courts are often far longer than typical detainment periods under *Demore*. The *Demore* court stated that a typical detention under § 1226(c) "in the majority of cases [] lasts for less than the 90 days." *Demore*, 538 U.S. at 529.

The Sixth Circuit has not ruled on a § 1226(c) case with facts similar to Siemionkowicz's detainment.

So, to determine whether it is appropriate to apply the balancing test from *Mathews v. Eldridge,* this Court has reviewed other rulings in the Sixth Circuit for guidance. One case in each of the Eastern and Western District of Kentucky applied the *Mathews* factors to determine if there had been a due process violation for a noncitizen detained under § 1226(c). *See M.T.B.*, 2024 WL 3881843; *Chanthamany v. Olson*, No. 5:26-cv-134, 2026 WL 2268294 (W.D. Ky. Aug. 6, 2026). Both rulings heavily rely on the Second Circuit case *Black v. Decker* for support. *See Black v. Decker*, 103 F.4th 133, 152 (2nd Cir. 2024).

The Eastern District of Kentucky has previously ruled that prolonged detention under § 1226(c) can violate a detainee's due process rights. *See M.T.B*, 2024 WL 3881843. In *M.T.B.*, the noncitizen had been detained for 19 months, and the Court analyzed the potential violation of due process rights under the *Mathews* factors, finding the noncitizen was entitled to a bond hearing. *Id.* at *2–4. And the Western District of Kentucky recently followed the *M.T.B.* court's process. *See Chanthamany*, 2026 WL 2268294. An Immigration Judge denied the noncitizen in that case release on bond under § 1226(c) and he remained detained without a bond hearing while his appeal was pending for over 14 months. Similar to *M.T.B.*, the district court used the *Mathews* framework to find the prolonged detainment violated due process and ordered a bond hearing. *Id.* at *3–4.

Accordingly, this Court will consider Siemionkowicz's individual circumstances under the *Mathews* test. Courts conducting a due process analysis under *Mathews* apply a three-part balancing test that weighs:

> (1) the private interest that will be affected by the official action;
> (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and

(3) the United States' interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Here, Siemionkowicz has a cognizable liberty interest in avoiding detention. *Lopez-Campos*, 175 F.4th at 764 (stating the liberty interest is "the most fundamental interest protected by the Due Process Clause and is shared by citizens and noncitizens alike"); *Hamdi v. Rumsfeld*, 542 U.S. 507, 537 (2004) (confirming "the fundamental nature of a citizen's right to be free from involuntary confinement by his own government without due process of law"). Previous Supreme Court rulings have required individualized hearings for less fundamental depravations than a liberty interest. *See Goldberg v. Kelly*, 397 U.S. 254, 268 (1970) (requiring an individualized hearing prior to the termination of welfare benefits). Additionally, Siemionkowicz has been detained for longer than the duration contemplated in *Demore*. *Demore*, 538 U.S. at 529 ("[I]n 85% of cases in which aliens are detained pursuant to § 1226(c), removal proceedings are completed in an average time of 47 days and a median of 30 days. . . . appeal takes an average of four months[.]" (citation omitted)). The first factor weighs in favor of Siemionkowicz.

The risk of the erroneous deprivation of Siemionkowicz's interest is high if she does not receive a hearing. "Notably, procedural protection in place for aliens detained under § 1226(c) are 'almost nonexistent,' as they provide no individualized review of the need for detention and no mechanism for the detainee's release." *M.T.B.*, 2024 WL 3881843 at *3 (quoting *Black v. Decker*, 103 F.4th 133, 152 (2nd Cir. 2024)). Siemionkowicz's only procedural protection would be to contest that she committed a crime in a *Joseph* hearing, but she has already admitted to pleading guilty to the two retail thefts at issue in this case. *See Matter of Joseph*, 22 I. & N. Dec. 799 (BIA

1999); *M.T.B.*, 2024 WL 3881843 at *3. In the complete absence of other procedural safeguards, the second *Mathews* factor weighs in favor of Siemionkowicz.

In *Demore*, the Supreme Court held that detentions of criminal noncitizens during removal proceedings "serves the purpose of preventing deportable criminal aliens from fleeing prior to or during their removal proceedings." *Demore*, 538 U.S. at 527–28. But as the *M.T.B.* and *Chanthamany* courts found, bond hearings have nominal fiscal and administrative burdens, and there is an established procedure for providing a hearing already in place. *M.T.B.*, 2024 WL 3881843 at *4; *Chanthamany*, 2026 WL 2268294 at *3. Holding a hearing for Siemionkowicz would not undermine the Government's interest, and the third *Mathews* factor weighs in favor of the petitioner. *Id.*

Finding that all three *Mathews* factors weigh in Siemionkowicz's favor, the Court holds that her detention violates due process.

*E. Burden*

In her Petition, Siemionkowicz claimed that the bond hearing in August of 2025 unconstitutionally placed the burden of proof on her. (R. 1). While the Sixth Circuit has not decided which party should bear the burden at a bond hearing under § 1226(c), *Lopez-Campos* suggests the Government would be required to bear the burden of proof by clear and convincing evidence that the continued detention is necessary. *Lopez-Campos*, 175 F.4th at 733. The court cited a direct quote from a Third Circuit ruling that puts a clear and convincing burden on the government. *Id.* (citing *German Santos v. Warden Pike Cnty. Corr.* Facility, 965 F.3d 203, 213 (3d Cir. 2020) (holding "that once detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary")). The Fourth Circuit

has also ruled that the burden is on the Government under a clear and convincing evidence standard. *See Black*, 103 F.4th 133.

The Respondents did not address Siemionkowicz's assertion that the burden was wrongfully placed on her at the 2025 bond hearing. The Court sees no reason to address the issue further because a new bond hearing has been granted under due process grounds, and this Court has already held that bond hearings before an immigration judge require the government to bear the burden to prove by clear and convincing evidence that a detainee under § 1226(c) is not a flight risk or danger to the community. *M.T.B.*, 2024 WL 3881843 at *5; *see also Chanthamany*, 2026 WL 2268294 at *5 (ordering the Government to bear the burden by clear and convincing evidence at an individualized bond hearing).

III. CONCLUSION

Accordingly, for the aforementioned reasons, it is hereby **ORDERED** as follows:

(1) Beata Seimionkowicz's Petition for Writ of Habeas Corpus is **GRANTED**;

(2) Respondents **SHALL** provide Siemionkowicz with an individualized bond hearing within seven (7) days of entry of this order. The Government must demonstrate by clear and convincing evidence that Siemionkowicz's continued detention is necessary; and

(3) Respondents **SHALL FILE** a Status Report with this Court on or before November 17, 2026, to certify compliance with this order. The Status Report **SHALL** include when the bond hearing occurred, whether bond was granted or denied, and if denied, the reasons for that denial.

November 3, 2026.

**Signed By:**
***Karen K. Caldwell***
**United States District Judge**